### Hubert Earl HOFFLER, Appellant,
v.
### UNITED STATES of America, Appellee.

No. 7153.

United States Court of Appeals
Fourth Circuit.

Argued April 9, 1956.

Decided April 11, 1956.

Clyde W. Cooper, Portsmouth, Va., and J. Tivis Wicker, Richmond, Va., for appellant.

L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and PAUL, District Judge.

PER CURIAM.

This is an appeal from a conviction and sentence by an accused charged with attempt to influence the action of a juror, in violation of sections 206 and 1503 of Title 18 of the United States Code, in the trial of a case in which he was accused of crime. The questions in the case were purely questions of fact and the verdict of the jury was amply sustained by the testimony, which must be taken in the light most favorable to the prosecution on a motion by defendant for a directed verdict. Appellant complains of the action of the trial judge in asking questions of witnesses for the purpose of elucidating the facts of the case. An examination of the record shows that the questions asked were perfectly proper and that appellant has no ground for complaint by reason thereof. The same point was made in Simon v. United States, 4 Cir., 123 F.2d 80, 83, where this court, speaking through Judge Dobie, said:

"Appellant's counsel strenuously complains that the trial judge questioned the witnesses from time to time in an effort to bring out the facts of the case. This is precisely

what he should have done. It cannot be too often repeated, or too strongly emphasized, that the function of a federal trial judge is not that of an umpire or of a moderator at a town meeting. He sits to see that justice is done in the cases heard before him; and it is his duty to see that a case on trial is presented in such way as to be understood by the jury, as well as by himself. He should not hesitate to ask questions for the purpose of developing the facts; and it is no ground of complaint that the facts so developed may hurt or help one side or the other. * * * The judge is the only disinterested lawyer connected with the proceeding. He has no interest except to see that justice is done, and he has no more important duty than to see that the facts are properly developed and that their bearing upon the question at issue are clearly understood by the jury."

Affirmed.